1

2

3

4                    UNITED STATES DISTRICT COURT

5                    EASTERN DISTRICT OF CALIFORNIA

6

7  CYNTHIA HOPSON,                    No.  2:14-cv-02865-GEB-AC

8            Plaintiff,

9       v.                           **ORDER TO SHOW CAUSE AND**
                                     **CONTINUING STATUS (PRETRIAL**
10 US FOOD CORPORATION, dba Long     **SCHEDULING) CONFERENCE; FED. R.**
   John Silver's #31911; STEVE       **CIV. P. 4(M) NOTICE**
11 CHAPRALIS; IRENE CHAPRALIS,
   ART RESTAURANTS CALIFORNIA
12 INCORPORATED; and DOES
   1-10, inclusive,
13
            Defendants.
14

15

16        The December 8, 2014, Order Setting Status (Pretrial

17 Scheduling) Conference scheduled a status conference in this case

18 on February 23, 2015, and required the parties to file a joint

19 status report no later than fourteen (14) days prior to the

20 scheduling conference. The December 8, 2014 Order further

21 required a status report be filed regardless of whether a joint

22 report could be procured. No status report was filed as ordered.

23        Therefore, Plaintiff is Ordered to Show Cause ("OSC")

24 in a writing to be filed no later than February 23, 2015, why

25 sanctions should not be imposed against her and/or her counsel

26 under Rule 16(f) of the Federal Rules of Civil Procedure for

27 failure to file a timely status report. The written response

28 shall also state whether Plaintiff or her counsel is at fault,

                                    1

1  and whether a hearing is requested on the OSC.[1] If a hearing is

2  requested, it will be held on May 4, 2015, at 9:00 a.m., just

3  prior to the status conference, which is rescheduled to that date

4  and time. A status report shall be filed no later than fourteen

5  (14) days prior to the status conference.

6         Further, Plaintiff is notified under Rule 4(m) of the

7  Federal Rules of Civil Procedure that failure to serve each

8  defendant with process within the 120 day period prescribed in

9  that Rule may result in the unserved defendant(s) and/or the

10 action being dismissed. To avoid dismissal, on or before April

11 10, 2015, Plaintiff shall file proof of service for each

12 defendant or a sufficient explanation why service was not

13 completed within Rule 4(m)'s prescribed service period.

14        IT IS SO ORDERED.

15 Dated:  February 12, 2015

16

17

18  _____
    GARLAND E. BURRELL, JR.
    Senior United States District Judge

19

20

21

22

23

24

25

---

26 [1]    "If the fault lies with the attorney, that is where the impact of
   sanction should be lodged.  If the fault lies with the clients, that is where
   the impact of the sanction should be lodged." In re Sanction of Baker, 744
27 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).
   Sometimes the faults of attorneys, and their consequences, are visited upon
28 clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

2